O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA BALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN,[1] ) <br> **Acting Commissioner of Social** ) <br> **Security,** ) <br> ) <br> Defendant. ) <br> _____ ) | NO. EDCV 12-01272-MAN <br><br> MEMORANDUM OPINION <br><br> AND ORDER |

Plaintiff filed a Complaint on August 15, 2012, seeking review of the denial of plaintiff's application for a period of disability, disability insurance benefits ("DIB"), and supplemental security income ("SSI"). On August 30, 2012, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. The parties filed a Joint Stipulation on May 29, 2013, in which: plaintiff seeks an order reversing the Commissioner's decision and remanding this case for the payment of benefits or, alternatively, for further administrative proceedings; and the Commissioner requests that her decision be affirmed or, alternatively, remanded for further administrative proceedings. The Court has taken the parties'

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013, and is substituted in place of former Commissioner Michael J. Astrue as the defendant in this action. (*See* Fed. R. Civ. P. 25(d).)

Joint Stipulation under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

Plaintiff filed an application for a period of disability, DIB, and SSI on August 9, 2007. (Administrative Record ("A.R.") 18.) Plaintiff, who was born on March 25, 1958 (A.R. 75),[2] claims to have been disabled since September 10, 2006, due to kidney and back problems, asthma, migraine headaches, diabetes, depression, and bipolar disorder (A.R. 77, 83). Plaintiff has past relevant work ("PRW") experience as a caregiver, nurse assistant, floral designer, preschool teacher, and property manager. (A.R. 25.)

After the Commissioner denied plaintiff's claim initially and upon reconsideration, plaintiff requested a hearing. (A.R. 18.) On July 15, 2009, and March 1, 2010, plaintiff, who was represented by counsel, appeared and testified at hearings before Administrative Law Judge Joseph D. Schloss (the "ALJ"). (*Id.*) Vocational expert Sandra M. Fioretti appeared and testified at the March 1, 2010 hearing. (*Id.*) On April 23, 2010, the ALJ denied plaintiff's claim (A.R. 18-25), and the Appeals Council subsequently denied plaintiff's request for review of the ALJ's decision (A.R. 1-4). That decision is now at issue in this action.

## SUMMARY OF ADMINISTRATIVE DECISION

In his April 23, 2010 decision, the ALJ found that plaintiff met the insured status requirements of the Social Security Act through December 31, 2010, and plaintiff has not engaged in substantial gainful activity since September 10, 2006, the alleged onset date of her disability. (A.R. 20.) The ALJ determined that plaintiff has the severe impairments of asthma, low back

---

[2] On the alleged disability onset date, plaintiff was 48 years old, which is defined as a younger individual. *See* 20 C.F.R. §§ 404.1563, 416.963. Plaintiff's age category has subsequently changed to that of "closely approaching advanced age." (*Id.*)

pain, and bipolar disorder. (*Id.*) The ALJ also determined that plaintiff's migraines, alleged diabetes, and borderline kidney problems are non-severe impairments. (*Id.*) The ALJ concluded that plaintiff does not have an impairment or combination of impairments that meets or medically equals the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). (A.R. 21.)

After reviewing the record, the ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform:

> medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except she can stand and walk six hours; she can sit six hours; she can lift 50 pounds occasionally and 25 pounds frequently; she can push and pull within those weight limits; she can occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds; she can occasionally bend, stoop, kneel, crawl, squat and balance; and she has moderate limitation in her ability to (i.e., more than a slight limitation in the area but the individual is still able to function satisfactorily) understand, remember, and carry out detailed instructions, work in coordination with or proximity to others without being distracted by them, interact appropriately with the general public, accept instructions and respond appropriately to criticism from supervisors, get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and respond appropriately to changes in the work setting.

(A.R. 22.) In making this finding, the ALJ considered the subjective symptom testimony of plaintiff, which the ALJ found was not entirely credible, as well as the medical evidence and opinions of record.

Based on plaintiff's reported work history and the vocational expert's testimony, the ALJ found that plaintiff has PRW as a caregiver, nurse assistant, floral designer, preschool teacher,

3

and property manager. (A.R. 25.) At the administrative hearing, the ALJ asked the vocational expert whether a hypothetical individual with plaintiff's age, education, work experience, and RFC could perform plaintiff's PRW. (*Id.*) The vocational expert testified that such a hypothetical individual could perform plaintiff's PRW, and the vocational expert did not identify any conflict between her testimony and the DOT. (*Id.*) Accordingly, the ALJ concluded that plaintiff could perform her PRW as generally performed, because "[t]his work does not required the performance of work-related activities precluded by [plaintiff]'s [RFC]." (*Id.*)

Thus, the ALJ concluded that plaintiff has not been under a disability, as defined in the Social Security Act, from September 10, 2006, the alleged onset date, through April 23, 2010, the date of the ALJ's decision. (A.R. 25.)

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted). The "evidence must be more than a mere scintilla but not necessarily a preponderance." Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this Court cannot substitute its discretion for that of the Commissioner, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health and Hum. Servs., 846 F.2d 573, 576 (9th Cir. 1988); *see also* Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). "The ALJ is responsible for determining credibility, resolving conflicts in medical

4

testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn, 495 F.3d at 630; *see also* Connett, 340 F.3d at 874. The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, 454 F.3d 1050, 1055 (9th Cir. 2006)); *see also* Burch, 400 F.3d at 679.

**DISCUSSION**

Plaintiff claims that the ALJ erred in: (1) determining that plaintiff could perform her PRW; and (2) failing to consider properly the lay witness statements of her mother, Yvonne Ball. (Joint Stipulation ("Joint Stip.") at 2-6, 9-14.)

**I.    The ALJ Committed No Reversible Error In Determining That Plaintiff Could Perform Her PRW As A Caregiver, Nurse Assistant, Floral Designer, Preschool Teacher, and Property Manager.**

Plaintiff asserts that the ALJ erred at step four, because he "failed to discuss any of the actual physical and mental demands of plaintiff's [PRW], as [he is] required to do so by law," and thus, the ALJ's step four determination is not supported by substantial evidence. (Joint Stip. at 3.)

At step four of the sequential evaluation process, a claimant bears the burden of proving that he or she can no longer perform his or her PRW. Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). Notwithstanding the claimant's burden at this step, the ALJ still has a duty to make the requisite factual findings to support his or her conclusion regarding the claimant's ability to perform his or her PRW. *Id.* (citation omitted). A claimant must be able to perform "[t]he actual functional demands and job duties of a particular past relevant job" or "[t]he functional demands and job duties of the occupation as generally required by employers throughout the national economy." *Id.* at 845 (citation omitted). Accordingly, the ALJ must make specific findings as to (1) the claimant's RFC, (2) the physical and mental demands of the PRW, (3) and the relation of the RFC to the PRW. *Id.* (citation omitted). The ALJ need only make findings as to either actual or general performance of PRW, not both. *Id.* ("We have never required explicit findings at step four regarding a claimant's [PRW] both as generally performed *and* as actually performed.").

In general, an ALJ should consider first whether claimant can perform his or her PRW as actually performed and then as generally performed. Pinto, 249 F.3d at 845. An ALJ may rely on two sources to define a claimant's PRW as actually performed: "a properly completed vocational report, SSR 82–61[;] and the claimant's own testimony, SSR 82–41." *Id.* The best source for how a job is generally performed is the Dictionary of Occupational Titles (the "DOT"). *Id.* at 845-46; Social Security Ruling ("SSR") 00–4p, 2000 WL 1898704, at *2 (noting that "we rely primarily on the DOT . . . for information about the requirements of work in the national economy").[3]

At the March 1, 2010 administrative hearing, after reviewing plaintiff's reported work background and eliciting further testimony from plaintiff regarding her PRW, the vocational expert testified that plaintiff's PRW included the jobs of caregiver, nurse assistant, floral designer,

---

[3] Social Security Rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations." Han v. Bowen, 882 F.2d 1453, 1457 (9th Cir. 1989). Accordingly, they are given deference, "unless they are plainly erroneous or inconsistent with the Act or regulations." *Id.*

preschool teacher, and property manager. (A.R. 28-33.) The vocational expert gave the corresponding DOT numbers for plantiff's PRW and testified that plaintiff's work as a caregiver and nurse assistant was "medium and semiskilled," her work as a floral designer and preschool teacher was "light [and] skilled," and her work as a property manager was "sedentary and skilled." (A.R. 32-33.) Further, the vocational expert testified that a hypothetical person with the RFC with which the ALJ assessed plaintiff could perform all plaintiff's PRW. (A.R. 34-35.) The vocational expert identified no inconsistency between her testimony and the DOT.

In his decision, and as relevant here, the ALJ stated the following regarding plaintiff's ability to perform her PRW:

> Based on [plaintiff]'s reported work history and the vocational expert's testimony, [the ALJ] finds [plaintiff] has [PRW] as a caregiver, nurse assistant, floral designer, preschool teacher, and property manager. The [ALJ] gave the vocational expert . . . a hypothetical individual with [plaintiff]'s age, education, work experience, and [RFC], and [the vocational expert] testified such an individual could perform all [of plaintiff's PRW]. In comparing [plaintiff's RFC] with the physical and mental demands of this work, the [ALJ] finds that [plaintiff] is able to perform it as generally performed.

(A.R. 25.) The ALJ noted that "the vocational expert's testimony is consistent with the information contained in the [DOT]." (*Id.*)

Plaintiff properly notes, and defendant concedes, that the ALJ erred in failing to make specific findings of fact as to the physical and mental demands of plaintiff's PRW, as required by SSR 82-62, 1982 SSR LEXIS 27. *See* Pinto, 249 F.3d at 844. However, this error was harmless and does not warrant a reversal of the ALJ's decision for the reasons set forth *infra*.

First, the ALJ expressly relied upon the testimony of the vocational expert in concluding that plaintiff could return to her PRW as generally performed, and he took measures to ensure that such testimony was consistent with the DOT, *i.e.*, he specifically instructed the vocational expert to "make sure [her] testimony [wa]s consistent with the [DOT]" and to notify him if she disagreed with the DOT. (A.R. 32.) A vocational expert's testimony constitutes substantial evidence upon which an ALJ may properly rely. *See* Magallanes v. Bowen, 881 F.2d 747, 756-57 (9th Cir. 1989).

Second, the record reflects that the vocational expert's testimony was consistent with the DOT, which describes the specific physical and mental demands of plaintiff's PRW as generally performed. Notably, plaintiff does not contend that the vocational expert erred in classifying plaintiff's PRW according to the DOT, and plaintiff has identified no evidence of an actual conflict or discrepancy between the vocational expert's testimony and the specific physical and mental demands of plaintiff's PRW as generally performed.

Accordingly, for the aforementioned reasons, the ALJ's failure to provide specific findings of fact as to the physical and mental demands of plaintiff's PRW does not constitute reversible error. *See* Jakobs v. Astrue, 2010 U.S. Dist. LEXIS 96281 (C.D. Cal. Sept. 15, 2010) (finding similar error harmless when ALJ expressly relied on vocational expert testimony that was consistent with the DOT).

### II. The ALJ Committed No Reversible Error In His Consideration Of The Lay Witness Statement Of Yvonne Ball.

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." Bruce v. Astrue, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting Stout, 454 F.3d at 1053) (internal quotation marks omitted). "[F]riends and family members in a position to observe a claimant's symptoms and daily activities are competent to

8

testify as to [the claimant's] condition." Dodrill v. Shalala, 12 F.3d 915, 918-19 (9th Cir. 1993); 20 C.F.R. §§ 404.1513(d), 416.913(d) ("[W]e may also use evidence from other sources to show the severity of your impairment(s). . . . Other sources include, but are not limited to . . . spouses, parents and other caregivers, siblings, other relatives, friends, neighbors, and clergy."). Such testimony is competent evidence and "cannot be disregarded without comment." Bruce, 557 F.3d at 1115 (quoting Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996) (internal quotation marks omitted). When rejecting the testimony of a lay witness, an ALJ must give specific reasons that are germane to that witness. *Id.*

If an ALJ fails to discuss competent lay testimony favorable to the claimant, "a reviewing court cannot consider the error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different determination." Stout, 454 F.3d at 1056. However, "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that the ALJ referred to in discrediting [the claimant's] claims also discredits [the lay witness's] claims.'" Molina v. Astrue, 674 F.3d 1104, 1122 (9th Cir. 2012) (quoting Buckner v. Astrue, 646 F.3d 549, 560 (8th Cir. 2011)).

On August 18, 2007, plaintiff's mother, Yvonne Ball, completed a Third Party Function Report on behalf of plaintiff. In the report, Ms. Ball indicated that plaintiff is able to read, shop, cook, clean, wash laundry, attend to her personal care (although not as well as before the onset of her disability), take care of her pet, watch movies at home, exercise, pay bills, count change, walk, drive a car, talk on the phone with her friends, attend church, and go to the community center, the health spa, the Elks club, and the movies. (A.R. 186-90.) Ms. Ball indicated, however, that plaintiff: has difficulty sleeping (A.R. 187); has physical limitations, including, *inter alia*, difficulties using her hands and sitting or walking for long periods of time; is nervous, depressed, withdrawn, and irritable (A.R. 191); and has difficulty concentrating and staying focused (A.R. 189, 191-92).

In his decision, the ALJ considered plaintiff's subjective symptom testimony and statements as well as Ms. Ball's Third Party Function Report. (A.R. 22.) The ALJ noted that:

> [plaintiff] states in her function report she has disrupted sleep, can perform household chores and prepare meals, is able to handle money, can walk for half an hour, and can pay attention for a few minutes. Her mother states in a third party function report [that plaintiff] is unable to stand or sit for long periods of time, cannot walk, hold objects, or focus, has difficulty with self-care, experiences depression, has many hobbies, and talks on the phone with friends.

(A.R. 22; internal citations omitted.) The ALJ also noted plaintiff's complaints that she: "feels overwhelmed and has difficulty responding"; has back pain, chest pain, and difficulty breathing; and experiences "weakness and fearfulness" as well as irritation with some social interactions. (A.R. 23-24.) The ALJ rejected plaintiff's subjective symptom testimony and statements, because: plaintiff exaggerated her symptoms; plaintiff demonstrated a lack of effort on multiple pulmonary function tests; and there was a lack of supporting clinical findings or treatment for her purportedly disabling mental and physical impairments.[4] (A.R. 22-24.) While the ALJ provided appropriate reasons for discrediting plaintiff, the ALJ did not provide any reason for rejecting the lay witness statements of Ms. Ball.

The ALJ's failure to provide any reason for rejecting the lay witness statements of Ms. Ball constitutes error. However, the Court finds the error harmless, because the statements were largely similar to plaintiff's subjective symptom testimony and statements, which were properly discounted by the ALJ. *See* Molina, 674 F.3d at 1116-17 (holding that, the ALJ's failure to discuss material lay witness testimony is not prejudicial per se, and that "an ALJ's failure to comment upon lay witness testimony is harmless where 'the same evidence that ALJ referred to in

---

[4] Plaintiff does not contest the ALJ's rejection of her subjective symptom testimony and statements.

discrediting [the claimant's] claims also discredits [the lay witness's claims'") (citation omitted); see also, Valentine v. Comm'r SSA, 574 F.3d 685, 694 (9th Cir. 2009) (holding that, because "the ALJ provided clear and convincing reasons for rejecting [the claimant's] own subjective complaints, and because [the lay witness's] testimony was similar to such complaints, it follows that the ALJ also gave germane reasons for rejecting [the lay witness's] testimony"). Given that such circumstances exist here, there is no reversible error.

**CONCLUSION**

For all of the foregoing reasons, the Court finds that the Commissioner's decision is supported by substantial evidence and free from material legal error. Neither reversal of the ALJ's decision nor remand is warranted.

Accordingly, IT IS ORDERED that Judgment shall be entered affirming the decision of the Commissioner of the Social Security Administration. IT IS FURTHER ORDERED that the clerk of the Court shall serve copies of this Memorandum Opinion and Order and the Judgment on counsel for plaintiff and for defendant.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: February 4, 2014

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE